IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00002-WDM-MJW

LINDA MARIE ANDREWS,

        Plaintiff,

v.

CLARION MORTGAGE CAPITAL, INC.,
CLARION MORTGAGE CAPITAL,
COUNTRYWIDE HOME LOANS, INC.,
ATTORNEYS TITLE GUARANTY FUND, INC.,
SANDY TAGNEY,
RESIDENTIAL CAPITAL GROUP,

        Defendants.

---

## ANSWER

---

The Defendant, Attorneys Title Guaranty Fund, Inc., appearing by and through its attorneys, Carpenter & Klatskin, P.C., and Robert R. Marshall, Jr., as and for its Answer to the Complaint in this matter does answer, state and deny as follows:

1.    In regard to Paragraph 1, Attorneys Title Guaranty Fund, Inc. (hereinafter "ATGF") is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

2.    In regard to Paragraph 2, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

3.    In regard to Paragraph 3, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

4.    In regard to Paragraph 4, the averments contained therein are admitted.

5.      In regard to Paragraph 5, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

6.      In regard to Paragraph 6, the averments contained therein are admitted.

7.      In regard to Paragraph 7, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

8.      In regard to Paragraph 8, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

9.      In regard to Paragraph 9, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.  In regard to that portion of Paragraph 9 that states that ATGF as not present at a meeting/closing on October 7, 2003, , ATGF admits it was not present at any such meeting with Plaintiff.

10.      In regard to Paragraph 10, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

11.      In regard to Paragraph 11, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

12.      In regard to Paragraph 12, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

13.      In regard to Paragraph 13, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

14.      In regard to Paragraph 14, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

15.      In regard to Paragraph 15, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

S:\des\atgfandrews ans.wpd 2/14/08

16.     In regard to Paragraph 16, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

17.     In regard to Paragraph 17, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

18.     In regard to Paragraph 18, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

19.     In regard to Paragraph 19, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

20.     In regard to Paragraph 20, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

21.     In regard to Paragraph 21, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

22.     In regard to Paragraph 22, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

23.     In regard to Paragraph 23, ATGF admits that settlement funds were provided to the Plaintiff on October 27, 2003, and is without sufficient facts or information with which to form a belief as to the truth or veracity of the remaining averments contained therein and therefore deny the same.

24      In regard to Paragraph 24, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

25.     In regard to Paragraph 25, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

26.     In regard to Paragraph 26, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

27.     In regard to Paragraph 27, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

28.     In regard to Paragraph 28, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

29.     In regard to Paragraph 29, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

30.     In regard to Paragraph 30, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

31.     In regard to Paragraph 31, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

32.     In regard to Paragraph 32, ATGF admits that in response to a request for documents, it provided copies of documents of an October 20, 2003 loan to Plaintiff and is without sufficient facts or information with which to form a belief as to the truth or veracity of the remaining averments contained therein and therefore deny the same.

33.     In regard to Paragraph 33, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

34.     In regard to Paragraph 34, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

35.     In regard to Paragraph 35, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

36.     In regard to Paragraph 36, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

37.     In regard to Paragraph 37, ATGF is without sufficient facts or information with which to form a belief as to the truth or veracity of the averments contained therein and therefore deny the same.

38.    In regard to Paragraph 38, Defendant admits a letter was received dated September 29, 2006, denies any characterizations thereof, states that the letter speaks for itself and denies any remaining averments contained therein.

39.    In regard to Paragraph 39, ATGF states that Daniel Sweetener has not represented them and is without sufficient facts or information with which to form a belief as to the truth or veracity of the remaining averments contained therein and therefore deny the same.

40.    In regard to Paragraph 40, ATGF incorporates herein by reference its responses to Paragraphs 1 though 39 above as if fully set forth herein.

41.    In regard to Paragraph 41, the averments contained therein are denied.

42.    In regard to Paragraph 42, ATGF incorporates herein by reference its responses to Paragraphs 1 through 41 above as if full set forth herein.

43.    In regard to Paragraph 43, the averments contained therein are denied.

44.    In regard to Paragraph 44, the averments contained therein are denied.

45.    In regard to Paragraph 45, the averments contained therein are denied.

46.    In regard to Paragraph 46, ATGF incorporates herein by reference its responses to Paragraphs 1 through 45 above as if fully set forth herein.

47.    In regard to Paragraph 47, the averments contained therein are denied.

48.    In regard to Paragraph 48, the averments contained therein are denied.

49.    In regard to Paragraph 49, ATGF incorporates herein by reference its responses to Paragraphs 1 through 48 above as if fully set forth herein.

50.    In regard to Paragraph 50, the averments contained therein are denied.

51.    In regard to Paragraph 51, the averments contained therein are denied.

52.    In regard to Paragraph 52, the averments contained therein are denied.

53.    In regard to Paragraph 53, the averments contained therein are denied.

54.    In regard to Paragraph 54, the averments contained therein are denied.

55.    In regard to Paragraph 55, the averments contained therein are denied.

56. In regard to Paragraph 56, ATGF incorporates herein by reference its responses to Paragraphs 1 through 55 above as if fully set forth herein.

57. In regard to Paragraph 57, the averments contained therein are denied.

58. In regard to Paragraph 58, the averments contained therein are denied.

59. In regard to Paragraph 59, ATGF incorporates herein by reference its responses to Paragraphs 1 through 58 above as if fully set forth herein.

60. In regard to Paragraph 60, the averments contained therein are denied.

61. In regard to Paragraph 61, the averments contained therein are denied.

62. In regard to Paragraph 62, ATGF incorporates herein by reference its responses to Paragraphs 1 through 61 above as if fully set forth herein.

63. In regard to Paragraph 63, the averments contained therein are denied.

64. In regard to Paragraph 64, the averments contained therein are denied.

65. In regard to Paragraph 65, ATGF incorporates herein by reference its responses to Paragraphs 1 through 64 above as if fully set forth herein.

66. In regard to Paragraph 66, the averments contained therein are denied.

67. In regard to Paragraph 67, the averments contained therein are denied.

68. In regard to Paragraph 68, the averments contained therein are denied.

69. In regard to Paragraph 69, the averments contained therein are denied.

70. In regard to Paragraph 70, the averments contained therein are denied.

71. In regard to Paragraph 71, ATGF incorporates herein by reference its responses to Paragraphs 1 through 70 above as if fully set forth herein.

72. In regard to Paragraph 72, the averments contained therein are denied.

73. In regard to Paragraph 73, the averments contained therein are denied.

ATGF cannot determine if any of the allegations of Paragraphs 40-73 apply to ATGF since it is not specifically named in any of the paragraphs, and therefore pleads a general denial to each of those paragraphs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief against Attorneys Title Guaranty Fund, Inc. upon which relief can be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by her failure to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of her own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of privity of contract with ATGF.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, if any, are the result of her own actions or inactions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions of a third party for which ATGF is not responsible or liable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a lack of standing.

## TENTH AFFIRMATIVE DEFENSE

All the actions of ATGF were justified.

ELEVENTH AFFIRMATIVE DEFENSE

ATGF's obligations, if any, was to disburse funds and issue a title insurance policy. It performed all of its obligations and therefore discharged all of its obligations to the Plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

Under the terms of the title insurance policy issued to the Plaintiff, all remedies for violation of the title policy are limited to arbitration, therefore barring this action.

THIRTEENTH AFFIRMATIVE DEFENSE

The claims by the Plaintiff against ATGF are groundless and frivolous and without basis in fact or law entitling ATGF to recover its attorneys fees and costs in this matter.

WHEREFORE, it is respectfully requested that all relief to the Plaintiff be denied and that judgment enter on behalf of the Defendant, Attorneys Title Guaranty Fund, Inc., for its costs and legal fees incurred in defense of this action, plus such other and further relief as the Court deems just.

Respectfully submitted this 14th day of February, 2008.


CARPENTER & KLATSKIN, LLC



By:_____s/ Robert R. Marshall, Jr.___
Willis V. Carpenter
Robert R. Marshall, Jr.
518 Seventeenth Street, Suite 1100
Denver, Colorado 80202
Telephone: (303) 534-6315
Facsimile:  (303) 534-0514
wcarpenter@ckdenver.com
rmarshall@ckdenver.com

ATTORNEYS FOR ATTORNEYS TITLE
GUARANTY FUND, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2008, I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Robert A. Lees, Esq. at ral@robertalees.com
Eric P. Accomazzo, Esq. at raccomazzo@bmalaw.com
Eric R. Coakley, Esq. at ecoakley@bmalaw.com
Daniel A. Sweetser, Esq. at dsweetser@sweetserlaw.com


    s/ Cori Atteberry
Cori Atteberry, Legal Assistant